## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

BRIAN LEE WILSON,                        )
                                         )
               Petitioner,   )
                                         )
vs.                                      )          NO. CIV-08-0859-HE
                                         )
PAUL KASTNER,                            )
                                         )
               Respondent.   )

### ORDER

Petitioner Brian Lee Wilson, a federal prisoner appearing *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 seeking federal habeas corpus relief ordering respondent Paul Kastner to reconsider petitioner's eligibility for the Bureau of Prison's Residential Drug Abuse Program. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Valerie K. Couch who recommends that the petition be denied.

Petitioner has objected to the Report and Recommendation, reasserting his arguments presented to the Magistrate Judge. Petitioner contends that Judge Couch erred in concluding that the Bureau of Prisons' interpretation of 28 U.S.C. § 3621 is reasonable.

### Discussion

The Bureau of Prisons ("BOP") must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 28 U.S.C. § 3621(b). The BOP offers varying degrees of treatment programs for prisoners based on the history and needs of the individual. Response, Exhibit 2. The Drug Education program consists of group sessions totaling 12-15 hours. *Id.* The

Non-Residential Drug Abuse Program ("NRDAP") consists of individual and/or group counseling through an institution's Psychology Services department for individuals who are not eligible or not interested in the more extensive residential program. *Id.* And the Residential Drug Abuse Program ("RDAP") consists of extensive residential treatment in program-designated housing, institutional transition services, and community-based transition services at a halfway house, if time allows. *Id.* In determining whether an individual is eligible for the RDAP, the BOP has instituted a practice of evaluating the twelve-month period prior to incarceration for indications of substance abuse or dependance. *Id.* Prisoners convicted of nonviolent offenses are eligible for a discretionary reduction of their sentence of not more that one year upon successful completion of the RDAP. 28 U.S.C. § 3621(e)(2).

After evaluation, BOP personnel determined that petitioner did not present sufficient documentation of substance dependency prior to his incarceration to meet the eligibility requirements for the RDAP. Response, Exhibit 2. However, because petitioner did present documentation of substance abuse post-incarceration, he was offered entry in the NRDAP, where staff would be able to make further observations allowing for the possibility of a later entry into the RDAP.[1]

---

[1]*BOP Program Statement 5330.10, Chapter 5, Section 5.4.1(a)(1) states in part:*

*When a positive urinalysis in the institution is the only documentation of substance use, the inmate shall be referred to drug education or non-residential treatment. When in drug education and/or non-residential drug abuse treatment services, the inmate shall be further observed and examined regarding his/her substance use problem. If counseling indicates the need for more intensive treatment, the inmate may subsequently be referred to a residential drug program.*

Petitioner contends that BOP's practice of evaluating the twelve-month period prior to incarceration for purposes of entry into the RDAP is an unreasonable application of the statute, noting that some courts have ruled to that effect. However, for substantially the same reasons as set forth in the Report and Recommendation — and consistent with the majority of courts that have addressed this issue — the court concludes that the BOP has reasonably interpreted the statute. Further, the court notes that petitioner's participation in the NRDAP provides the potential for the same relief as sought by the writ. If, while in the NRDAP, BOP personnel determine petitioner requires more intensive treatment, he can then be referred to the residential program.

Accordingly, after de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #17] and **DENIES** the writ of habeas corpus.

**IT IS SO ORDERED.**

Dated this 24th day of February , 2009.

JOE HEATON
UNITED STATES DISTRICT JUDGE